**Paul EBERTS, Plaintiff,**

v.

**KAWASAKI MOTORS CORP., U.S.A.; Kawasaki Motors Manufacturing Corp., U.S.A.; and Kawasaki Heavy Industries, Ltd., Defendants.**

**Civil No. A1–02–43.**

United States District Court, D. North Dakota, Southwestern Division.

March 2, 2004.

Paul F. Ebeltoft, Jr., Mackoff, Kellogg, Kirby & Kloster PC, Dickinson, ND, Raymond F. Thomas, Swanson Thomas & Coon, William A. Gaylord, Gaylord Eyerman Bradley PC, Portland, OR, for plaintiff.

Larry L. Boschee, Pearce & Durick, Bismarck, ND, Robert K. Miller, Bowman and Brook LLP, Torrance, CA, for defendant.

William Anton Herauf, Reichert & Herauf PC, Dickinson, ND, John W. Burke, Barker, Wilson, Reynolds & Burke Belle Fourche, SD, for intervenor-plaintiff.

## MEMORANDUM AND ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S WARNINGS CLAIM

WEBB, District Judge.

Before the Court is the defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Warnings Claim (doc. # 86). The defendants argue the plaintiff's state law warnings claim is preempted by federal law. The defendants further argue that the record shows compliance with federal law, thus the Court must grant partial summary judgment dismissing the plaintiff's warnings claim. For the reasons outlined below, the defendants' Motion for Partial Summary Judgment is DENIED.

## I. FACTS

This action arises out of injuries sustained by the plaintiff, Paul Eberts, on April 30, 1996, when he was allegedly thrown from a three-wheeled all-terrain vehicle (ATV) manufactured by the defendants. Following the accident, the plaintiff brought the current action against the defendants alleging defective design and defective warnings. Most important to the present motion, the plaintiff claims that the original warnings failed to inform him of the risks associated with ATV operation.

Prior to the accident, the Consumer Product Safety Commission ("CPSC"), pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 et seq., initiated an investigation into ATV safety and established a task force to study the risks associated with ATVs. On December 30, 1997, the CPSC filed a complaint against ATV manufacturers in the United States District Court for the District of Columbia. Apparently to avoid years of complex and expensive litigation, ATV manufacturers agreed to enter into a consent decree where distributors agreed to discontinue the sale of new ATVs and to abide by a comprehensive program of warnings and training for purchasers.

The United States District Court for the District of Columbia approved a Final Consent Decree signed by ATV manufacturers and the CPSC. The Final Consent Decree, among its other provisions, prescribed the specific content, color, durability and location of warning labels. The Final Consent Decree also required ATV distributors to furnish past purchasers with an ATV Owner's Manual Supplement. The CPSC mandated the procedure under which the supplemental warning labels and owner's manuals were to be forwarded to past purchasers.

On October 14, 1988, the defendant, Kawasaki Motors Corporation ("KMC"), claims it mailed all required supplemental documents to the registered owners of its ATVs, including the plaintiff's father. Thereafter, KMC prepared two lists of mail returned undeliverable. The first list compiled names of the registered owners alphabetically, and the second list compiled the last eight digits of the vehicle identification number ("VIN"). The alphabetical list does not include the plaintiff's father; the VIN list does however contain the VIN registered to the plaintiff's father, although the ATV on the list is registered to a different owner. The plaintiff denies having received the supplemental material.

## II. STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Graning v. Sherburne County,* 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.,* 90 F.3d 1372, 1376 (8th Cir.1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. LEGAL DISCUSSION

There are two reasons the defendants fail to satisfy the above-mentioned sum-

mary judgment standard. First, the defendants rely on an erroneous application of preemption law. Second, even if the defendants' preemption theory is correct, a question of material fact remains precluding partial summary judgment. The Court will more thoroughly address each of these reasons below.

### A. Preemption–Supremacy Clause

The first question before the Court is whether the Supremacy Clause [1] applies to preempt a state common law warnings claim where a federal court issues a consent decree reflecting policy choices of a federal agency under the authority of a federal statute. The Court begins to answer the question by noting two well-settled rules. The first rule is that Congress may expressly or impliedly preempt state law as established by common law adjudications. See *Harris v. Great Dane Trailers, Inc.*, 234 F.3d 398, 400 (8th Cir.2000) (citing *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993)). The second rule is that preemption may come in the form of "a consent decree reflecting the reasonable policy choice of a federal agency and issued pursuant to a congressional grant of authority." *General Motors Corp. v. Abrams,* 897 F.2d 34, 39 (2d Cir.1990).

With these two well-settled rules as background, the Court undertakes the task of deciding whether the CPSA, through the Final Consent Decree entered into by the ATV manufacturers and the CPSC, expressly or impliedly preempts state common law. Federal preemption, express or implied, turns on the intent of Congress. *Harris,* 234 F.3d at 400. The parties do not argue, and the Court does not find, Congress expressly preempted state common law by enacting CPSA. Cf. *Geier v. American Honda Motor Co.,* 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000) (concluding that the National Traffic and Motor Safety Act does not expressly preempt nonidentical state standards established in tort actions covering the same aspect of performance as an applicable federal standard).

The question then becomes whether the CPSA impliedly preempts state common law. Implied preemption occurs " 'when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law ... or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Harris,* 234 F.3d at 400 (quoting *Freightliner Corp. v. Myrick,* 514 U.S. 280, 287, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995)). The defendants do not argue that Congress intended to occupy the field of ATV safety, consequently the implied preemption question hinges on whether the plaintiff's common law warnings claim conflicts with or would frustrate the purpose of CPSA. *Id.*

When answering the question, the Eighth Circuit's reading of Geier is persuasive. *Id.* at 401 (interpreting *Geier,* 529 U.S. at 867, 120 S.Ct. 1913). The Eighth Circuit interprets "Geier as strongly suggesting that a minimum federal safety standard will rarely, if ever, impliedly preempt more rigorous common law safety obligations, particularly when, as here, the

---

**1.** The Supremacy Clause of the United States Constitution declares:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

U.S. Const. art. VI, cl. 2.

governing federal statute contains a common law remedial savings clause." *Id.* (emphasis in original). The Eighth Circuit noted that "Geier 'leav[es] ... state tort law to operate ... where federal law creates only a floor, *i.e.*, a minimum safety standard.'" *Id.* (citing *Geier,* 529 U.S. at 868, 120 S.Ct. 1913 & *Norfolk So. Ry. v. Shanklin,* 529 U.S. 344, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000) (Breyer, J., concurring)).

■ Therefore, if the purpose of the CPSA and the Final Consent Decree was merely to provide minimum federal warning standards for ATV manufacturers, it does not preempt the plaintiff's common law claim that the defendants are liable in tort for failing to supply greater warning protection than the minimum standard required. *Id.* The Court finds no indication that the Final Consent Decree prohibited or discouraged ATV manufacturers from voluntarily supplying users with warnings in addition to those mandated by decree. This confirms the plaintiff's view that the Final Consent Decree simply set the minimum standards. Therefore, in light of Geier and Harris, the Court finds that the plaintiff's warnings claims are not preempted because the state common law warnings standards do not conflict with or stand as an obstacle to accomplishing the purposes of the CPSA, particularly as Congress included a "savings clause" within the statute.[2] See *Geier,* 529 U.S. at 868, 120 S.Ct. 1913; *Harris,* 234 F.3d at 400.

### B. Question of Material Fact Remains

However, even assuming the warnings required by the Final Consent Decree completely satisfied the defendants' duty to warn, the plaintiff asserts, by way of his father's affidavit, that he did not receive the warnings. The defendants contend that it is irrelevant whether plaintiff received the warnings because they only had a duty to send the warnings. This argument is unpersuasive. The defendants' duty under the Final Consent Decree, and under common law, is to warn users of the dangers associated with the use of their product. See *Crowston v. Goodyear Tire & Rubber Co.,* 521 N.W.2d 401, 409 (N.D. 1994) (stating common law rule). It is impossible to warn someone, if they do not receive the warning.

■ The defendants claim that the warnings required by the Final Consent Decree were mailed to the plaintiff. The Court notes there is a disputable presumption that "a letter duly directed and mailed was received in the regular course of business." N.D. Cent.Code § 31–11–03(24). The presumption is bolstered by the defendants' claim that plaintiff's name or ATV VIN was not on the list of returned mail. Nevertheless, the plaintiff may dispute the presumption and a reasonable jury may conclude that he did not receive the supplemental material, thus a question of material fact remains.

## IV. CONCLUSION

The defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Warnings Claim is DENIED (doc. # 86).

IT IS SO ORDERED.

---

**2.** The "savings clause" codified as 15 U.S.C. § 2074, and included as paragraphs K.8 or O in the Final Consent Decree, states: "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under any State statutory law to any other person."